IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>VICTOR M. DANDRIDGE III,<br>                                  *Defendant.* | NO. 3:23-CR-00008<br><br>MEMORANDUM OPINION AND ORDER<br><br>JUDGE NORMAN K. MOON |

This case is before the Court on Defendant Victor M. Dandridge's Motion with Respect to Defendant's Restitution, Dkt. 2. Defendant requests that the Court orders his victims to provide information regarding any potential offsets that could be applied to his restitution. *Id.* For the following reasons, the Court will deny this motion.

## BACKGROUND

Before pleading guilty to wire fraud and bank fraud in the United States District Court for the Eastern District of Virginia, *United States v. Dandridge*, Dkt. 11, No. 3:17-cr-83 (E.D. Va. Nov. 22, 2021), Defendant filed a voluntary bankruptcy petition in March 2017 in his individual capacity in the U.S. Bankruptcy Court for the Western District of Virginia. *In re Victor Maceo Dandridge III*, No. 17-60578 (Bankr. W.D. Va.). His three victims received disbursements from his bankruptcy estate. *Id.* In August 2017, an involuntary bankruptcy petition was filed in the U.S. Bankruptcy Court for the Western District of Virginia against a corporate entity that Defendant used in furtherance of the fraud scheme at issue in his guilty plea. *In re Runnymede Capital Mgmt., Inc.*, No. 17-61506 (Bankr. W.D. Va.). One of Defendant's victims received a disbursement from this proceeding. *Id.* The Eastern District of Virginia granted Defendant's Motion to Properly Credit Restitution due to these payouts, reducing his restitution obligation by

1

$1,069,274.80. Dkt. 84, No. 3:17-cr-83 (E.D. Va. Jan. 19, 2023). On May 8, 2023, the Eastern District of Virginia transferred jurisdiction to this Court. Dkt. 1.

Defendant asks this Court to "compel [his] victims to disclose any such recoveries" from "third parties," including "any legal settlements and/or recoveries Defendant's victims received which Defendant believes should be applied to reduce Defendant's restitution consistent with *Ritchie*." Dkt. 2.

## ANALYSIS

"Any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in—(A) any Federal civil proceeding; and (B) any State civil proceeding, to the extent provided by the law of the State." 18 U.S.C. § 3664(j)(2). And a defendant must prove an offset pursuant to § 3664(j)(2). *United States v. Karam*, 201 F.3d 320, 327 (4th Cir. 2000) ("Although the government bears the burden of proving loss under the VWPA, the defendant bears the burden of proving that he has compensated or will compensate the victim.") (citing *United States v. Sheinbaum*, 136 F.3d 443, 449 (5th Cir. 1998)); *see also United States v. McNulty*, 276 Fed. Appx. 349, 350 (4th Cir. 2008) (per curiam) (unpublished) ("However, [defendant] presented no evidence that he in fact compensated [victim] for her full loss and thus failed to meet his burden of proving that he compensated the victim so as to preclude restitution."). Defendant has failed to meet his burden of proof under § 3664(j), as he has not presented evidence that his victims have recovered compensatory damages for the same loss in any civil proceeding beyond the bankruptcy proceedings that the Eastern District of Virginia already considered. Dkt. 84, No.

3:17-cr-83 (E.D. Va. July 28, 2022). Nor has he provided support for his request that the Court order his victims to provide this information.[1]

Thus, the Court **DENIES** Defendant's motion. It is so ordered.

The Clerk of the Court is directed to send a certified copy of this order to all counsel of record and to the Defendant.

Entered this 19th day of July, 2023.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[1] Defendant purports that "any legal settlements and/or recoveries Defendant's victims received . . . should be applied consistent with *Ritchie*." Dkt. 2. But *United States v. Ritchie*, 858 F.3d 201 (4th Cir. 2017) does not support his argument. *Ritchie* involved a defendant who obtained a $2,445,102 mortgage, falsely put on the settlement statement that he was bringing $1,153,937.23 in cash to the closing, and fraudulently obtained that amount from the mortgage company as a result, leading to his conviction for making a false statement in violation of 18 U.S.C. § 1001(a)(2). *Id.* at 204–05. The sentencing court ordered the defendant to pay $1,385,444.83 in restitution to the mortgage company. *Id.* at 206. The defendant's original mortgage company was Countrywide, but Bank of America, by the time of sentencing, bought out the original company, and the court thus named it the victim. *Id.* The Fourth Circuit affirmed the district court's decision that the Mandatory Victim Rights Act was applicable, the total loss amount for the victim was appropriate, and Bank of America was the proper victim. *Id.* at 218. This case is thus inapplicable to Defendant's request that the Court order his victims to provide it with information.