CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

July 10, 2024

LAURA A. AUSTIN, CLERK
BY  s/ S. MELVIN
    DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA**
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>VICTOR M. DANDRIDGE III,<br>                              *Defendant.* | NO. 3:23-CR-00008<br><br>MEMORANDUM OPINION AND ORDER<br><br>JUDGE NORMAN K. MOON |

This case is before the Court on Defendant Victor M. Dandridge's Motion with Respect to Defendant's Restitution, Dkt. 14, and his Motion for Stay of Garnishment and to Compel United States to Give Proper Credit to Defendant's Restitution Totals, Dkt. 15. Defendant (1) requests a hearing on the Writ of Continuing Garnishment in his case, Dkt. 14 (Ex. 3), and (2) asks the Court to order his victims to provide information regarding any potential offsets that might be applied to his restitution, Dkt. 15 at 5. For the following reasons, the Court will deny his motions.

## BACKGROUND

Before pleading guilty to wire fraud and bank fraud in the United States District Court for the Eastern District of Virginia, *United States v. Dandridge*, Dkt. 11, No. 3:17-cr-83 (E.D. Va. Nov. 22, 2021), Defendant filed a voluntary bankruptcy petition in March 2017 in his individual capacity in the U.S. Bankruptcy Court for the Western District of Virginia. *In re Victor Maceo Dandridge III*, No. 17-60578 (Bankr. W.D. Va.). His three victims received disbursements from his bankruptcy estate. *Id.* In August 2017, an involuntary bankruptcy petition was filed in the U.S. Bankruptcy Court for the Western District of Virginia against a corporate entity that Defendant used in furtherance of the fraud scheme at issue in his guilty plea. *In re Runnymede*

1

*Capital Mgmt., Inc.*, No. 17-61506 (Bankr. W.D. Va.). One of Defendant's victims received a disbursement from this proceeding. *Id.* The Eastern District of Virginia, accordingly, granted Defendant's Motion to Properly Credit Restitution due to these payouts, reducing his restitution obligation by $1,069,274.80. Dkt. 84, No. 3:17-cr-83 (E.D. Va. Jan. 19, 2023).

In June 2023,[1] Defendant asked this Court to "compel [his] victims to disclose any such recoveries" from "third parties," including "any legal settlements and/or recoveries Defendant's victims received which Defendant believes should be applied to reduce Defendant's restitution consistent with" *United States v. Ritchie*, 858 F.3d 201 (4th Cir. 2017). Dkt. 2. The Court ultimately denied his motion, finding that:

> Defendant has failed to meet his burden of proof under § 3664(j), as he has not presented evidence that his victims have recovered compensatory damages for the same loss in any civil proceeding beyond the bankruptcy proceedings that the Eastern District of Virginia already considered. Nor has he provided support for his request that the Court order his victims to provide this information.

Dkt. 6 at 2–3 (cleaned up).

Now, Defendant again asks the Court to order his victims to provide information regarding any potential offsets that could be applied to his restitution. Dkt. 15 at 5. He also requests a hearing on the Writ of Continuing Garnishment in his case. Dkt. 14 (Ex. 3).

## ANALYSIS

The Court will deny both of Defendant's requests. First, the Court finds that Defendant's invocation of *United States v. Ritchie*, 858 F.3d 201 (4th Cir. 2017) to argue that his victims should disclose "any legal settlements and/or recoveries . . . [that] should be applied to reduce Defendant's restitution," Dkt. 14 at 1, constitutes an improper attempt to relitigate an issue

---

[1] The Eastern District of Virginia transferred jurisdiction to this Court in May 2023. Dkt. 1.

already addressed by this Court,[2] Dkt. 6. He has not provided any new information or argument,[3] so for the same reasons as before, the Court will deny Defendant's request.

Likewise, the Court will deny Defendant's request for a hearing. The Federal Debt Collection Procedures Act ("FDCPA") authorizes a debtor to request a hearing on a writ of garnishment, 28 U.S.C. § 3202(d), but imposes significant limitations on the issues subject to a hearing. *Id.* Indeed, "the issues at such [a] hearing shall be limited" to: (1) "the probable validity of any claim of exemption by the judgment debtor," (2) the government's "compliance with any statutory requirement for the issuance of the postjudgment remedy granted," and (3) if the judgment is by default, the probable validity of the claim for the debt and any good cause for setting the judgment aside. *Id.* Courts routinely deny requests for a "hearing where the debtor did not object based on one of the issues specified in [Section 3202], where the objection is plainly without merit, or where the objection is simply a matter of statutory interpretation." *United States v. Page*, No. 1:13CV119, 2013 WL 2945070, at *4 (N.D.W. Va. June 14, 2013) (brackets in original) (internal quotation marks omitted) (denying request for hearing and collecting cases).

Here, Defendant does not raise any of the issues specified in Section 3202. *See* Dkt. 14; Dkt. 15. Consequently, the Court will not hold a hearing. *See, e.g.*, *United States v. Karadzhova*, No. 3:12-cr-36, 2013 WL 4026903, at *1 (W.D.N.C. Aug. 7, 2013) (denying hearing request because "there [wa]s no valid exemption that applie[d] to [the] [d]efendant," he did not challenge the United States' compliance with the statutory requirements in seeking a writ, and the judgment did not arise from default).

---

[2] As the Court previously explained, *Ritchie* is "inapplicable to Defendant's request that the Court order his victims to provide it with information." Dkt. 6 at 3 n.1.

[3] Indeed, it appears that some of Defendant's present filings are exact replicas of those previously filed in this case. *Compare* Dkt. 2 *with* Dkt. 14.

## CONCLUSION

Thus, the Court **DENIES** Defendant's motions. Dkt. 14; Dkt. 15.

It is **SO ORDERED**.

The Clerk of the Court is directed to send a certified copy of this order to all counsel of record and to the Defendant.

Entered this 10th day of July, 2024.

*[signature]*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE